### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:13-cv-00781-WYD-MEH**

AURORA COMMERCIAL CORP., successor entity to AURORA BANK FSB,

    Plaintiff,

v.

SUN WEST MORTGAGE COMPANY, INC.,

    Defendant.

---

### PROTECTIVE ORDER FOR CONFIDENTIAL DISCLOSURE OF DISCOVERY MATERIALS

---

THIS CAUSE is before the Court upon the Parties' Joint Motion and Stipulation for Entry of Protective Order for Confidential Disclosure of Discovery Materials ("Motion"), pursuant to FED. R. CIV. P. 26(c).

The Court having reviewed the Motion and being otherwise duly advised, and finds that there may be a potentially significant number of documents, possibly containing the nonpublic personal loan information of borrowers and potentially confidential and propriety information of the parties, to be exchanged in discovery in this case, such that document-by-document redaction of discovery materials might be impracticable, if the case is to proceed in an orderly, timely and efficient manner.

{25947174;1}

The Court further finds that the parties' interests in protecting the non-public personal information of borrowers as well as the parties' own confidential and commercially sensitive information from unnecessary disclosure, coupled with the parties' desire to benefit the Court with an orderly and expeditious resolution of this matter on its merits, outweigh any concerns of the parties or their interest in disclosure of such materials. Thus, after due consideration by the Court and for good cause shown, the Court finds that it is appropriate to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

Based upon the foregoing findings, supported by good cause, **IT IS HEREBY ORDERED as follows:**

1. The purpose of this Protective Order is to assure that Confidential Information, as defined herein, shall be accessible only to Qualified Persons, as defined herein, and that it shall be used only in connection with the trial or preparation of this action, except as otherwise provided herein.

2. Any information, document, or thing produced in connection with this litigation that is reasonably believed by any party or third party to contain or constitute: (1) nonpublic personal information or (2) trade secrets and/or confidential or proprietary information of such party or a third party, including but not limited to nonpublic pricing data, schematics, designs, specifications, evaluations, competitive analyses, customer lists and other customer-related information of such party or third parties, shall be designated as "Confidential" (referred to herein as "Confidential Information"). As used herein, Confidential Information may include: (a) all paper, tapes, documents (including

answers to document requests, interrogatories, and requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things, (d) expert reports, and (e) items listed in (a) through (d) that a party produces that have been previously designated as being "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or other words of similar meaning. Before designating any Confidential Information, the designating party's counsel shall make a reasonable and good faith determination, with supporting cause of substantiation that the information warrants protection because it includes information that is not generally available in the public domain and is confidential or proprietary information that is protected under law from disclosure or dissemination. The handling of such Confidential Information shall be made in accordance with the terms of this Order.

3. If a producing party inadvertently fails to mark Confidential Information upon its production, such party may subsequently designate such Confidential Information by giving written notice to the receiving party and providing properly marked or designated copies within fourteen (14) calendar days of such notice.

4. Any party may challenge the designation of any documents or information as Confidential Information by doing so in writing at any time prior to 30 calendar days before the cutoff date for dispositive motions. If the parties dispute the Confidential Information designation, the producing party shall file a motion for protective order within 10 calendar days of being notified of the objection. Failure to move for a

protective order within 10 calendar days acts to nullify an "Confidential" designation absent a showing of good cause as to why such a motion was not timely filed. The producing party shall have the burden to prove that the challenged document, information, or testimony is entitled to protection. If a motion for protective order is filed within 10 calendar days of notice of the objection, the confidentiality of the documents, testimony, or other materials designed by the parties as Confidential Information shall retain their confidential status and shall be subject to the terms of this Order until the Court rules on the notice.

5. All Confidential Information received from any producing party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business, competitive, or governmental purpose or function. To that end, the parties shall not distribute or disclose any Confidential Information received in this litigation to any third party (or any of the parties' agents, consultants, officers, directors, employees, or representatives except on a need to know basis and pursuant to such agent, consultant, employee, officer, director, or representative's obligation to maintain the confidentiality of such document or information).

6. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential Information, shall not be disclosed except as set forth in paragraph 7.

7. Any information, document, or thing designated as Confidential may only be disclosed to the following persons ("Qualified Persons"):

(a)   Outside counsel of record for any party to this action;

(b)   Paralegal, stenographic, clerical and secretarial personnel employed by counsel listed in (a) (including but not limited to photocopy service personnel and document management vendors, such as coders and data- entry personnel, retained by outside counsel);

(c)   A party to this action, including its officers, employees, and agents;

(d)   Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(e)   Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data- entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

(f)   Any person identified on the face of any such Confidential Information as an author or as recipient thereof;

(g)   Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

(h)   Any non-party engaged by the parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the parties may participate;

(i)   Any person as ordered by the Court; and

(j)   Any person deposed in the above-captioned action who signs an acknowledgment jointly drafted by the parties that the deponent will be subject to the terms of this Protective Order. Said acknowledgment shall include the following terms: (1) the deponent cannot keep a copy of any documents shown to them; and (2) the deponent cannot disclose any of the confidential information they receive under penalty of contempt. Any party may object to the disclosure of confidential information to this classification of qualified person and, in the event of a dispute between the parties thereon, the remedy is to seek relief under FED. R. CIV. P. 26(c).

{25947174;1}                                            5

8. The provisions of this Order are without prejudice to the right of any party to this Order to:

(a) Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable state or federal law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable state or federal law;

(b) Seek to modify or obtain relief from any aspect of this Order; or

(c) Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order. This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

9. If any papers to be filed with the Court contain **unredacted** information and/or documents that have been designated as "Confidential", then the Parties must comply with D.C.COLO.LCIVR 7.2. In any such "Motion to Restrict Access", the restriction level of the Confidential information and/or documents shall be a Level 1 absent good cause shown for a higher level of restriction or upon agreement of the Parties.

10. If, either during the course of this litigation or following the conclusion thereof, Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and the Court and, without prejudice to other rights and remedies of any party, make every effort to prevent further disclosure.

11. If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present. The portions of the

transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter.  If any document or information designated as Confidential Information pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the appropriate designation.

12.   With respect to documentation in the possession of a receiving party, within sixty (60) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, and any and all future claims and/or disputes between the Parties, all Confidential Information received under the provisions of this Order, shall be tendered back to the Producing party or destroyed except to the extent that any of the foregoing includes or reflects work product of the receiving party (which work product may be maintained by outside counsel for the parties, but not by the parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality.  If Confidential Information is destroyed rather than tendered back, counsel for the party destroying the Confidential Information shall provide within seven (7) calendar days of such destruction confirmation of such destruction.

13.   If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall immediately give written notice

thereof to the producing party with respect to such information and shall afford the producing party reasonable opportunity to pursue formal objections to such disclosures. However, nothing herein shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

14. Although the burden shall be on the Producing Party to demonstrate to the Court the need for such designations, nothing in the Order shall restrict the right of any party to move the Court for a determination that the documents designated as Confidential Information need not be protected against the unauthorized disclosure and shall not be treated as Confidential Information.

15. Nothing in the Order shall restrict the right of any party to utilize documents or information which they have obtained from independent sources, provided that this shall not include documents or information obtained from the parties which have been previously designated as Confidential Information.

16. This Protective Order is not, and shall not be deemed to constitute, a determination that any specific documents, item of information, or deposition actually constitutes or contains confidential information, and nothing herein shall prevent any party hereto from applying to the Court for, or shall present the Court from granting, relief from this Order or further protective orders.

17. Rule 26(b)(5) of the *Federal Rules of Civil Procedure* and Rule 502 of the *Federal Rules of Evidence* shall govern any inadvertent production of materials produced in response to discovery requests in this action by any party that claims material should have been withheld on the grounds of a privilege, including the work product doctrine (collectively referred to as "Inadvertently Produced Privileged

Material"). The Court hereby holds and orders in accordance with Rule 502(d) of the *Federal Rules of Evidence* that the privileges and protections related to any Inadvertently Produced Privileged Material are not waived by a disclosure connected with the action, and that such disclosure shall not be a waiver in any other federal or state proceeding.

18. In connection with any motion presented to the Court pursuant to Rule 26(b)(5) of the *Federal Rules of Civil Procedure* or similar motion, the receiving party may not assert that: (a) the fact of the allegedly inadvertent production alone constitutes a waiver of an applicable privilege; (b) the producing party did not take reasonable steps to prevent inadvertent disclosure within the meaning of Rule 502(b)(2) of the *Federal Rules of Evidence*; or (c) notice by the producing party to the receiving party of Inadvertently Produced Privileged Material within five business days of the producing party's attorney of record in this Action gaining actual knowledge of such an error does not constitute promptly taking reasonable steps to rectify the error within the meaning of Rule 502(b)(3) of the *Federal Rules of Evidence*. However, nothing in this paragraph shall preclude a party from asserting that the production of the allegedly Inadvertently Produced Privileged Material was not inadvertent.

19. The terms of this Order shall be effective and enforceable as between the parties immediately upon its execution by counsel for such parties.

20. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

21. Without separate court order, this Order is not intended to, and shall not be interpreted to change, amend, or circumvent any court rule or local rule.

The foregoing STIPULATION AND AGREEMENT is hereby **ADOPTED** and **ENTERED** as an **ORDER** of the Court on July 18, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge